IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

SAMMY ROBINSON and CORA ROBINSON, as co-personal representatives of the estate of Tom Robinson,

      Plaintiffs,

v.                          No. CIV 98-805 BB/WWD

HORIZON/CMS HEALTHCARE CORPORATION,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration on the motion of Plaintiffs Sammy and Cora Robinson for remand [#2] filed August 7, 1998. The Court, being fully advised in the premises, FINDS that the motion to remand is well taken and should be GRANTED.

## Discussion

The original complaint in this action was filed on July 3, 1997, in the Eleventh Judicial District Court for the State of New Mexico. On June 3, 1998,

and again on June 19, 1998, Plaintiffs gave notice to Defendant of their intent to amend the original complaint by mailing a copy of the amended complaint to counsel for Defendant. On July 2, 1998, Defendant filed a notice of removal to United States District Court for the District of New Mexico. On August 7, 1998, Plaintiffs served Defendant with a motion to remand.

As federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Consequently, a removing defendant bears the burden of establishing federal subject matter jurisdiction. *See Carson v. Dunham*, 121 U.S. 421, 425-26 (1887); *Basso*, 495 F.2d at 909.

This removal action is governed by 28 U.S.C. §§ 1341(b), 1331, 1332, and 1446(b). The Plaintiffs' original state court complaint provides no basis for diversity or federal question jurisdiction, so the asserted basis for Defendant's notice of removal [#1] filed July 2, 1998, is a proposed amended complaint which has not yet been filed. Because the existence of subject matter jurisdiction must be determined by looking to the complaint as it existed at the time the notice of removal was filed, the Court may not rely on this unfiled proposed

amended complaint. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 245-46 (10th Cir. 1956). The Court notes that this rule as to the proper timing of the inquiry also makes any leave to amend at this date futile. Removal jurisdiction should be determined on the basis of the claims in the state court complaint rather than determined each time a complaint is amended in federal court. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (discussing policy reasons for rule).

The complaint, and indeed the proposed amended complaint, is virtually identical to the complaint in *Perez v. Horizon/CMS Healthcare Corp.*, No. CIV 98-0804 PK/DJS. In that case, Judge Paul Kelly, sitting by designation, reviewed the complaint and granted Plaintiff's motion to remand on the ground the federal court lacked jurisdiction. Accordingly, this Court finds it is without subject matter jurisdiction, and the action must be remanded. *See* 28 U.S.C. § 1447(c).

Now, therefore,

**IT IS ORDERED** that Plaintiffs Sammy and Cora Robinson's motion for remand is **GRANTED** due to lack of subject matter jurisdiction. This matter is

3

**REMANDED** to the Eleventh Judicial District Court, McKinley County, New Mexico.

Dated at Albuquerque this 15th day of September, 1998.

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
United States District Judge

Counsel for Plaintiffs:
    Carl Bettinger, Shapiro and Bettinger, Albuquerque, NM

Counsel for Defendants:
    Michael A. Gross, Michael J. Cadigan, Susan Sullivan, Dines, Gross & Esquivel, Albuquerque, NM